Smith, J.*
Judge Cox has just requested me to state the conclusion to which we have arrived in this case. I had not expected to do so, and have not my ideas upon the matter very well arranged, but will endeavor to give our views on the' question involved.
On the application of the alternative writ, the case was quite fully presented by counsel, and Judge Cox then stated the grounds upon which we thought it right to grant it; the ques *551 tions have since been more fully'argued by counsel, after the filing of the answer of the defendant on the question whether a peremptory writ should issue, and what I shall say, as to some of the questions, may only amount to a repetition of what has been better said by the presiding judge heretofore.
The principal question involved is this: Whether, when exceptions are filed to the account of an assignee of an insolvent estate, and such exceptions are sustained, and the items excepted to are stricken from the credit side of his account, and the court thereupon proceeds to settle the account on such basis, and finds an amount due from the assignee, (who at that time, however, had resigned the trust), and makes an order that the resigned assignee should pay the sum thus found to be due, to his successors in the trust, it is obligatory on the probate court under the provisions of Secs. 6407-8, Rev. Stat., (in case the resigned assignee desires to appeal from any of the findings against him,) to fix the amount of the appeal bond to be given by him, at double the amount of the same so directed to be paid.
The petition filed in the case, after reciting other matters, states that after the judgment was rendered, the relator represented to the court that he desired to appeal therefrom; that he desired to appeal from the finding as to the amount, and as to the finding on the exceptions filed to his account; but that he did not desire to appeal from the order of the court directing him to pay the money found due, to his successors in the trust. And he attaches a copy of the journal entry of the court on the point. It is as follows :
“ And said John B. Mannix gives notice of appeal from said order sustaining said exceptions to such account. And also gives notice of appeal from the finding and order that the statement of account as prepared by the court and attached hereto, and made part of the entry and of the record, is a correct statement as a whole, and in every part, of the receipts for which he is to be charged, and the expenditures for which he is to receive credit, as assignee of John B. Purcell, and of the interest chargeable in said account.”
“ Said John B. Mannix also gives notice of appeal from the finding and order, that on the 1st day of June 1886, he, as as *552 gignee of said John B. Purcell was indebted to tbe estate of said John B. Purcell in the sum of $55,827.46. And the court fixes the bond in appeal at the sum of $111,554, being an amount double the said amount ordered to be paid by the said John B. Mannix, assignee, to the said trustees. To the order of the court fixing said appeal bond in said sum the said John B. Mannix excepts.”
In the decision of Judge Cox heretofore announced, he stated that we had some douht, whether it sufficiently appeared from the entry, that -the probate judge had fixed the amount of the bond to be given in this case at double the amount found hy the entry to be in the hands of the late assignee, because he was obliged so to do. But we are of the opinion that the answer filed in the case by the probate judge, frees the case from the difficulty then suggested; as it admits “ that he refused in this case, to fix the amount of the bond to be given on the appeal at less than double the amount found to be due from the late assignee, holding the order made by him to be single and inseparable as the decision of the said probate court, upon the question of the amount due from relator, to be paid over as required by law.”
It is objected, however, by counsel for the defendant, that even if it be admitted that the view of the prohate judge was incorrect, and that he had authority to fix the amount of the appeal bond on a different basis than was done,, that this court can not in a proceeding of this kind, grant the relief sought, for the reason that there is a plain and adequate remedy at law, which the relator should have adopted, viz, to prosecute a petition in error to reverse the order of the judge.
We understand counsel substantially to admit, that under holdings of the supreme court, an order of a court fixing the amount of an appeal bond, is not such a final and definite order, as that error will lie to reverse it. This, if correct, would be a sufficient answer to the objection. But we are clear that where a party has two remedies under the statute, for instance an appeal, and a proceeding in error, he has his choice which to pursue, and the right to have the court in which his action pends, perform the ministerial acts required to be done as to either, and if refused to compel their performance. It is apparent, that a party might greatly prefer to appeal his case, *553 and have it come de novo before the appellate court for trial on the merits, rather than run the risk that the reviewing court would find error in the proceedings.
This brings us then directly to the determination of the question which has been argued with much abilty, whether in a case of this kind the'probate court was bound to fix the amount of this appeal bond, as he did. This depends upon the construction to be given to section 6407 and 6408, Rev. Stats. The first of these sections provides that, in addition to cases specially provided for, appeals may be taken to the court of common pleas, from any order, decision or judgment of the probate court, in settling the accounts of * * * trustees and assignees, “ by any person against whom such order, decision or decree shall be made, or who may be affected thereby : And the cause so appealed, shall be tried, heard and decided, in the court of common pleas in the same manner, as if said court of common pleas had original jurisdiction thereof.” We are of the opinion that the language used in this section, fairly construed, not only allows to a party interested an appeal from the whole finding, but from any particular finding which he may deem prejudicial to him; and that he is not bound, if satisfied generally with the judgment, to appeal the whole matter so decided; but may limit the effect of his appeal to those items really in controversy, and as to which he is not satisfied with the judgment of the court. He is expressly authorized to appeal from any order, decision or judgment of the court in settling the accounts. And this would only be in analogy to the more understood practice of an appeal from the common pleas to the circuit court of a separate and distinct interest; but if its determination would affect other parties to the litigation, and in effect annul the decree rendered below, the appeal must be of the whole case. But we would see no reason, why, where an exception is filed to a single item of an account, and on that only is there litigation in the probate court, and one of the parties seeks to appeal from the finding upon it, the whole case should go the common pleas for adjudication ; and I understand that counsel for defendant substantially concede this.
If this be so, it would seem, that if the law does require in a case of that kind, an appeal bond in double the amount *554 that might on the settlement of the account be found in the hands of such a trustee, that the right of appeal may be of but little value, and that a construction of a statute, which would have such effect, and so radically change the practice in our state, is not to be lightly adopted.
Section 6408 provides for the bond to be given in the event of an appeal, and fixes the condition and (in one state of the case) the amount of it. It provides that the person desiring to take an appeal as provided in the preceding section, shall within twenty days after the making of the order, decision or decree from which he desires to appeal, give a written undertaking executed on the part of the person .appealing, to the adverse party, with one or more sufficient sureties to be approved by the probate judge, and conditioned that the party appealing shall abide and perform the ordér, judgment and decree of the appellate court, and shall pay all moneys, costs, and damages, which may be required of, or awarded against such party by such court: When the order, decision or decree from which the appeal is taken, directs the payment of money, the undertaking shall be in double the amount thereof; and in other cases in such amount as shall be prescribed by the probate court.”
The first thing to be said as to the language of the statute is, that it nowhere makes any distinction as to the amount of the bond to be given by the person against whom the order to pay money was made, or by the person to whom the money was or-' dered- to be paid, or by any other person at all interested, who desires to appeal. If this be a case in which a bond in double the amount of the sum in the hands of the assignee is to be given, a bopd of the same amount would have had to be given (if we look at the mere terms of the statute) by the new trustees if they had desired to appeal. Or if in the settlement of an administrator, a question arises between the widow, or a distributee of the intestate, and the court decides it against such widow or distributee, and as a part of the judgment of the court finds a large balance in the hands of the administrator, to be paid over by him, the appeal bond must be in double this amount. Surely this cannot be the meaning of the statute. It must receive a reasonable construction, and there can be no reason in the world, why a person interested in a single *555 question arising in the settlement of the account of such trustee, and which is adjudicated against him, should, if he desires to appeal therefrom, give a bond in double the amount of the balance found in the hands of the trustee, and which, by the same entry he is ordered to pay over to some one.
These considerations, I think, make it apparent that the provisions of section 6408, are not at all clear or explicit, or in a satisfactory shape, and that to avoid the hardships and wrongs that might result in the kind of case which I have referred to, that the courts would be strongly inclined to hold, that the bond in such cases should be fixed by the probate court, and as coming under the second clause of the sentence, viz., “ and in other cases in such amount as shall be prescribed by the probate court.” And precisely the same reason would exist in our judgment for doing so in a case where the appeal was partial, and not as to the whole account. It seems to me that we should take into consideration in giving a meaning to this statute, the statutes regulating appeals from the common pleas to the circuit court. By Sec. 5280, it is only where •* the judgment is personal against a party for the payment of money only,” that the penalty of the appeal bond is to be double the amount of the judgment — in all other cases is is fixed by the court. And it is a familiar principle, that even where there is a personal decree against a defendant, and a decree for the sale of land to satisfy it, the bond is often fixed at a sum sufficient to secure the costs. In cases like that before the court, there is the indemnity of the bond which has been given by the trustee or assignee, and this takes the place of the mortgage security in the other case, and that would seem to afford a ground for holding that it was unnecessary to give a bond in double the amount of the finding against the assignee.
But it is argued with force, that the language of the statute is express, and that in a case of this kind, in the event of an appeal by Mannix, that his bond must be in double the amount found by the court to have been in his hands, and which he was ordered to pay over — and if the court was authorized to make the order directing him to pay the balance to his successors in the trust, it is difficult to see^any escape from the *556 correctness of such conclusion, however hardly it might operate in this case.
It is claimed by the counsel for the relator, that the court had no such authority. In the first place for the reason, as I understand it, that no account has ever been filed by the resigned assignee as such, and secondly, that if it is such an account as is contemplated by Sec. 6341, the court by the terms of that section could do no more than settle the account.
The facts in the case are these: The account afterwards settled by the court, was filed by Mannix while he was still acting as assignee. Before it was settled by the court, he resigned his trust, and new trustees were appointed. After this he proceeded to settle his account with the court, and the judgment from which he sought to appeal was entered.
Section 6341 provides as follows, “ On the resignation or removal of an assignee, or trustee appointed by the court, such assignee or trustee shall forthwith file and settle his account. * * * And immediately after such settlement, said assignee or trustee, or his legal representative, shall pay over to his successor all moneys found due from him to the trust. And on failure to do so, or on failure to file and settle said account, or deliver over to his successor all property, books, evidences of title, papers and other effects in a'ny way belonging to the trust, such successor may by action in the common pleas or otherwise, proceed on his bond against such assignee or trustee, or his legal representative, and the sureties in such bond.”
As to the first point referred to made by the counsel for the relator, that this account was not filed by Mannix after his resignation, we think it is not well taken. It was duly filed by him during the continuance of his trust, and after he resigned it was dealt with by him and by the court as his final account for settlement, and we think the court was fully authorized so to deal with it, and make it a final settlement of the estate so far as the resigned assignee was concerned.
The other point, however, as to the order made by the court, we think, is correct. We see no authority conferred upon the probate court, to enter an order directing the payment of the balance found in his hands to any particular person, or to do anything more than to settle the account, that is to determine the state of the account, and the balance either in the hands *557 of the late assignee, due to the trust, or from the trust to him. And then if the balance is against him, the law imposes the duty upon him of paying the amount thereof to his successor in the trust, and'on failure to do so, such successor is authorized to bring suit therefor in the court of common pleas.
The effect of this holding is, that in our judgment the probate court could not, by entering an order directing the assignee to pay the money to his successors 'in the trust, which he was not authorized to make, change the rights of Mannix as to the amount of the appeal bond to be given by him, making it come under the provision as to its being double in amount to the sum directed to be paid, instead of the clause which provides for the fixing of the amount by the probate court.
Holding, then, that the probate court was not bound as a matter of law to fix this bond as he did, the question arises, on what basis it should be fixed. As to the particular amount-of the bond which should be given in this case, we are not called upon to decide — we have not the facts before us which would enable us properly to decide it, even if we had the power, which we have not. As to this matter, unquestionably the probate court has a discretion, and that discretion is not to be controlled by another court. And did it not appear that in this instance, such court had proceeded upon a wrong construction of the statute, and that the amount of the bond was fixed as it was only because he felt himself obliged by the law so to fix it, we could not properly interfere. And if it appeared that there were circumstances in this case, which in the judgment of the probate court made it neceesary for the protection of the estate that a bond even in double the amount should he given, we would be unwilling to interfere with that judgment or discretion. Thus, if the bond given by the assignee was from any cause insufficient or invalid, we think that matter might properly be taken into the account in fixing the amount of the appeal bond, Or if the litigation in the probate court was as to a single matter, or even a variety of matters, it may be involving a specific amount, it would be in the discretion of the court to fix the bond in double the amount so in controversy.
But as I have said, we are not called upon to fix th * rule as *558 to the amount of the appeal bond to be given in any particular case — this is for the probate court in view of the special circumstances surrounding it. All w¿ decide is, that the probate court in this case was not bound to fix it at double the amount found in the hands of the late assignee, and having acted on the theory that he was so obliged, that he should now, in his discretion, fix the amount of the bond to be given by Mannix on his appeal.
Ramsey, Maxwell & Matthews and Thos. McDougall, for relator,'
S. A. Miller and Judge Avery, for defendant.
Application for peremptory writ granted.

From stenographic report of oral opinion, revised and corrected by Judge Smith.